UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARIA GUADALUPE DOMINGO GARCIA #A201-942-292 | CIVIL ACTION NO. 26-409 SEC P |
| VERSUS | JUDGE EDWARDS |
| MICHA NEAL ET AL | MAG. JUDGE WHITEHURST |

**MEMORANDUM RULING AND ORDER**

Before the Court is a Motion for Preliminary Injunction and/or Temporary Restraining Order (R. Doc. 2) filed by Maria Guadalupe Domingo Garcia ("Petitioner"). Having carefully considered Petitioner's submissions and the applicable law, Petitioner's Motion is **DENIED**.

Petitioner is a native and citizen of Mexico,[1] who entered the United States in 2006. *See* R. Doc. 1 at 4. While working in 2019, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officials. *See id.* at 6. After pleading guilty, Petitioner returned to Mexico on a voluntary departure. *See id.* But, on September 8, 2021, Petitioner re-entered the United States at the port of entry in Brownsville, Texas. *See id.* at 7. Petitioner was provided with a credible fear interview, which she failed. *See id.* On October 14, 2021, Petitioner received a notice of custody redetermination and was released from custody on an Order of Release on Recognizance. *See id.* On January 29, 2026, Petitioner was detained by ICE officials, *see id.*, and is now being held at the South Louisiana ICE Processing Center in Basile,

---

[1] Petitioner also alleges to be a citizen of Guatemala. *See* R. Doc. 1 at 6.

Louisiana. *See id.* at 2, 4, 6. Petitioner now seeks emergency relief from this Court enjoining Respondents from removing Petitioner from the United States and continuing to detain her. *See* R. Doc. 2 at 1.

To obtain a temporary restraining order ("TRO") or a preliminary injunction, a party must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *see Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)) ("The standard for deciding whether to issue a preliminary injunction is the same standard used to issue a temporary restraining order."). Elements three and four merge "when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435–36 (2009). The extraordinary relief of a temporary restraining order should not be granted unless the movant clearly carries the burden of persuasion as to all four elements. *Ocean Sky Int'l, LLC v. LIMU Co., LLC*, No. 18-0528, 2019 WL 4724803, at *5 (W.D. La. Sept. 26, 2019).

On the present record, we do not know enough about Petitioner's revocation, and the requisite process given or denied, to say that she has raised such a claim and has a likelihood of success on the merits on that claim. At bottom, entitlement to such

extraordinary remedies as those provided under Rule 65, *see Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999), must be "unequivocally show[n]," S*uburban Propane, L.P. v. D & S GCTX LLC*, 1:25-CV-00706, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025). Given this high bar, the Court must **DENY** the Motion.

Federal Respondents shall file in brief form any summary judgment evidence regarding the initial paroling of Petitioner, any notice given to Petitioner regarding why she was taken back into custody, any administrative decisions relating to Petitioner's request for bond, or any opportunities given to review her re-detention. Federal Respondents must also brief on what process is due under the applicable statutes and regulations when re-detaining a previously bonded alien, paying special attention to the reasoning in *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923 (W.D. Tex. Oct. 21, 2025).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Preliminary Injunction and/or Temporary Restraining Order (R. Doc. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that Federal Respondents shall file their brief on the habeas Petition as described above within twenty-one (21) days after the entry of this Order.

**IT IS FURTHER ORDERED** that Petitioner shall have seven (7) days to reply to Respondents' brief.

**IT IS FURTHER ORDERED** that the Clerk of Court is to provide a copy of this Memorandum Ruling and Order to the United States Attorney's Office.

**THUS DONE AND SIGNED** this 12th day of February, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**